(14 Misc. Rep. 297.)

### THOMAS ROBERTS STEVENSON CO. v. TUCKER et al.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
   In an action against a partnership, an objection to a counterclaim for commissions, that the proof established the right of one member alone to the commissions, cannot be raised for the first time on appeal.

2. TRIAL—OBJECTIONS TO EVIDENCE.
   A motion to dismiss a counterclaim, without more particularity, or a motion to strike out the evidence of one of the members of the defendant partnership on the ground that he had not shown that he "was entitled to recover, or had any participation in this commission," which constituted the counterclaim, is not an objection to the absence of evidence of an assignment to the partnership of the commissions by the member to whom they were due as an individual.

3. Principal and Agent—Authority—Ratification—Evidence.

Evidence that defendant, on inquiry for the manager of the plaintiff company, was directed by one of plaintiff's clerks to L., "who from all appearances had charge," and that defendant had been paid commissions, under another contract with L., for sales of plaintiff's ranges, and that S., who was admitted to be plaintiff's manager, said that he would "stand up to any contract made by L. with" defendant, is sufficient to prove either L.'s authority to contract with defendant for the commissions, or that his contract was ratified.

Appeal from Second district court.

Action by the Thomas Roberts Stevenson Company against William J. Tucker and others. Judgment was entered on verdict in favor of defendants on a counterclaim, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Phillips & Avery, for appellant.
Lamont McLaughlin, for respondents.

BISCHOFF, J. Plaintiff brought this action to recover the purchase price of a boiler and range sold to the defendants. The latter, contesting the value of the chattels, as asserted, interposed a counterclaim for commissions alleged to have been earned, under a contract between them and the plaintiff, by the terms of which they had agreed to sell ranges for the latter, and had sold 85, at a commission of one dollar for each range sold.

Abandoning other questions, appellant contends only that no recovery upon the contract for commissions should have been had. It is urged that the defendants' counterclaim accrued to them as copartners, if at all, and that the proof established the right of Tucker alone under the contract for commissions, as alleged. Upon the trial this objection might have been presented and properly sustained, but it was not then presented. Had it been, proof of the assignment of the claim from the individual to the partnership might well have been forthcoming. The question is raised too late upon appeal. Haines v. Railroad Co., 145 N. Y. 235, 39 N. E. 949. The motion to dismiss the counterclaim, without more particularity, certainly did not raise the point now presented, nor did the motion to strike out defendant McNeill's testimony, upon the ground that "he had not shown that he was entitled to recover, or had any participation in this commission." This objection merely called attention to the admissibility of the evidence, and had no bearing upon the counterclaim itself. The exception to the denial of this motion presents no error. That McNeill had not been shown to be a party in interest constituted no valid objection to him as a witness, and the evidence was competent and relevant upon the issue whether or not the contract for commissions had been made. Further, the motion was to strike out all the testimony, a large part of which bore directly upon the plaintiff's cause of action, and it would have been erroneous to grant it.

A further point is made that authority in the agent or agents with whom this contract for commissions was made was not

proven. This agreement, according to the defendants' evidence, was made with plaintiff through one Lovejoy. Defendant Tucker testified that, upon inquiry at the plaintiff's place of business for the manager, he was referred by one of the clerks to Lovejoy, "who from all appearances had charge." Substantially to this effect was the testimony of the defendant McNeill. Tucker further testified that he had, previous to the transaction in suit, had other dealings with Lovejoy, and had been allowed and paid a commission or discount of one dollar for each range sold; also, that "Mr. Smith said he was willing to stand up to any contract made by Lovejoy with us." Since Mr. Smith was conceded by the appellant to have been at that time its manager, the above might be taken either as evidence of a ratification, or as further proof of Lovejoy's authority. Other evidence appears, which, though somewhat equivocal, might have been properly understood by the jury as showing a ratification of Lovejoy's acts. We find no reason for disturbing the result arrived at by the jury. Judgment affirmed, with costs. All concur.